Metcalf, J.
As the jury returned a verdict for the plaintiff, it must be taken as found by them that he did not know of the nuisance when he demised the house, and that he was not guilty of any fraud on the defendant.
There were two other questions in the case. First, whether by the terms of the lease, the plaintiff warranted that the *246 house was reasonably fit for habitation. The court ruled that he did not; and we are of opinion that the ruling was right. The words of the lease, on which this question arises, were these: “ It is understood and agreed that the owner shall not be called upon or liable for any repairs whatsoever on said premises during the term; the house being now in perfect order.” It seems clear to us, that this clause refers only to repairs. It states, in effect, that the house was in such a condition, that no repairs would be necessary during the term of three years, unless some casualty should make them necessary. And, by another provision in the lease, the lessor was to bear the loss caused by casualties. The agreement, that the house was “ in perfect order,” had respect to its condition as an edifice in perfect repair, and not to the present or future state of the air within it.
The second question was, whether there is an implied covenant, in a sealed lease of a house for a private residence, that it is reasonably fit for habitation. The court refused to instruct the jury that there is any such implied covenant in such a case. And it is well settled, by authority, that there is not.
This question has been discussed in numerous recent cases in England. But it is unnecessary to refer to more than one of them, viz: Hart v. Windsor, 12 Mees. & Welsb. 68, decided by the court of exchequer, in 1844. In that case, Mr. Baron Parke, after reviewing all the previous cases, clearly states the law on this point, and the grounds of it. And as his views are perfectly satisfactory to us, we shall merely quote the following passages from his opinion: “ It is clear that, from the word ‘ demise,’ in a lease under seal, the law implies a covenant — in a lease not under seal, a contract — for title to the estate merely; that is, for quiet enjoyment against the lessor and all that come in under him, by title, and against all others claiming by title paramount during the term; and the word ‘ let,’ or any equivalent words, which constitute a lease, have, no doubt, the same effect, but no more. Shep. Touch. 165, 167. There is no authority for saying that these words imply a contract for any particular state of the property at the time *247 of the demise ; and there are many, which clearly show that there is no implied contract that the property shall continue fit for the purpose for which it is demised; as the tenant can neither maintain an action, nor is he exonerated from the payment of rent, if the house demised is blown down, or destroyed by fire; Monk v. Cooper, 2 Stra. 763; Belfour v. Weston, 1 T. R. 310; and Ainsley v. Rutter, there cited; or gained upon by the sea; Taverner’s case, Dyer, 56 a; or the occupation rendered impracticable by the king’s enemies; Paradine v. Jane, Aleyn, 26; or where a wharf demised was swept away by the Thames; Carter v. Cummins, cited in 1 Chan. Cas. 84. In all these cases, the estate of the lessor continues ; and that is all the lessor impliedly warrants. It appears, therefore, to us to be clear, upon the old authorities, that there is no implied warranty on a lease of a house, or of land, that it is, or shall be, fit for habitation or cultivation.” “ We are all of opinion, for these reasons, that there is no contract, still less a condition, implied by law, on the demise of real property only, that it is fit for the purpose for which it is let. The principles of the common law do not warrant such a position; and though, in the case of a dwelling-house taken for habitation, there is no apparent injustice in inferring a contract of this nature, the same rule must apply to land taken for other purposes — for building upon, or for cultivation ; and there would be no limit to the inconvenience which would ensue. It is much better to leave the parties, in every case, to protect their interests themselves, by proper stipulations, and if they really mean a lease to be void, by reason of any unfitness in the subject for the purpose intended, they should express that meaning.”
The decision in the foregoing case has been recognized by the English court of common pleas, in Surplice v. Farnsworth, 7 Man. & Grang. 576; by the supreme court of New York, in Cleves v. Willoughby, 7 Hill, 83; and is referred to as the settled law, in Addison on Contracts, 412; Archb. Land. & Ten. 67,158; and 1 Platt on Leases, 613.
In the cases which were cited for the defendant, (except two or three nisi prius decisions, which are virtually, if not *248 directly, overruled by Hart v. Windsor,) in which tenants have been allowed to withdraw themselves from the tenancy, and to refuse payment of rent, there was either fraudulent or erroneous description of the demised premises, or they became uninhabitable by the wrongful act or omission of the lessor.

Judgment for the plaintiff.